**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Eric Christian,

            Plaintiff(s),

vs.

United States of America, *et al*.,

            Defendant(s).

**2:24-cv-00848-JAD-MDC**

**Order**

       Pending before the Court are pro se plaintiff Eric Christian's Application to Proceed *In Forma Pauperis* ("IFP") (ECF No. 1) and *Motion to Strike* (ECF No. 6). The Court denies the IFP application (ECF No. 1) without prejudice. The Court also denies the *Motion to Strike* (ECF No. 6).

       The Court first notes that all of plaintiff's initiating documents, including his IFP application (ECF No. 1), either use the forms for the Central District of California (ECF Nos. 1, 1-1, 1-2, 1-4) or for the Ninth Circuit Court of Appeals (ECF No. 1-3). Pursuant to Nevada Local Special Rule (LSR) 1-1, applications to proceed in forma pauperis "must be made on the form provided by the court." Therefore, the Court will deny the IFP application without prejudice. Plaintiff has until **Thursday June 27, 2024**, to either file a new IFP on this Court's approved form or pay the full filing fee. This Court's approved IFP form may be accessed at the Court's web page by accessing the "Forms" option under the "Self-Help" tab at the top left corner of the home page.

       The Court also notes that plaintiff has no Complaint on file. The Court will give plaintiff until **June 27, 2024,** to file his Complaint. Should plaintiff choose to file his Complaint, he must comply with LSR 2-1, which requires that "[a] civil-rights complaint filed by a person who is not represented by an attorney must be submitted on the form provided by this court or must be legible and contain substantially all the information called for by the court's form." The Federal Rules of Civil Procedure Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to

satisfy Rule 8's requirement, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). The Complaint must also comply with the notice requirement of Rule 8 of the Federal Rules of Civil Procedure. *See Erickson v. Pardus*, 551 U.S. 89, 93 ("Specific facts are not necessary, the statement need only 'give the defendant fair notice of what the…claim is and the grounds upon which it rests.'") (internal citations omitted).

Plaintiff also filed a *Motion to Strike* (ECF No. 6). He seeks to strike "the May 9, 2024, Notice of Duplicate Case from the record because it is inaccurate." *Id.* However, the case caption used is "2:24-cv-848-RFB-DJA." This makes it unclear whether plaintiff intended for the Motion to be filed in this case. Therefore, the Court will deny the Motion without prejudice. Plaintiff, if he chooses to do so, may refile the Motion using the correct case caption "2:24-cv-00848-JAD-MDC."

ACCORDINGLY,

**IT IS ORDERED that:**

1. The IFP application (ECF No. 1) is DENIED WITHOUT PREJUDICE.

2. Plaintiff has until **Thursday June 27, 2024**, to either file a new IFP on the Court's approved form or pay the full filing fee. Failure to timely comply with this order may result in a recommendation that this case be dismissed.

3. Plaintiff has until **Thursday June 27, 2024**, to file a Complaint that complies with LSR 2-1 and Rule 8 of the Federal Rules of Civil Procedure. Failure to timely comply with this order may result in a recommendation that this case be dismissed.

4. The *Motion to Strike* (ECF No. 6) is DENIED WITHOUT PREJUDICE.

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk

of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

DATED this 28th day of May 2024.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge