UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Eric L. Christian,

    Plaintiff

v.

United States of America,

    Defendant

Case No. 2:24-cv-00848-JAD-MDC

**Order Dismissing Improperly Commenced Action**

Eric Christian clings to the fantastical notion that events surrounding his criminal prosecution and 2012 conviction for emailing death threats about various law enforcement and judicial officers entitle him to billions of dollars in recompense in the form of cash, mansions, and luxury cars.[1] So he has filed more than a dozen nonsensical, pro se actions in this district seeking writs of attachment and execution for those items.[2] Nearly all of them have been dismissed as improperly commenced or implausible.

This case is no different. It lacks a complaint, and although Christian filed an application to proceed *in forma pauperis*, the magistrate judge found it inadequate, denied it without

---

[1] *See* ECF No. 7 at in 2:24-cv-00839-JAD-DJA; 2:09-cr-303-JAD-VCF.

[2] *See* 2:13-cv-01361-MMD-CWH; 2:14-cv-01151-RFB-GWF; 2:15-cv-00279-JAD-CWH; 2:15-cv-00303-GMN-GWF; 2:15-cv-00305-RCJ-GWF; 2:16-cv-00319-MMD-VCF; 2:17-cv-00075-JAD-VCF; 2:17-cv-01518-JCM-CWH ;2:17-cv-01707-RFB-DJA; 2:17-cv-01709-JCM-PAL; 2:19-cv-00364-RFB-EJY; 2:19-cv-00476-APG-VCF; 2:23-cv-01300-JAD-NJK; 2:24-cv-00527-APG-MDC; 2:24-cv-00529-RFB-EJY; 2:24-cv-00836-GMN-DJA; 2:24-cv-00839-JAD-DJA; 2:24-cv-00842-CDS-BNW; 2:24-cv-00848-JAD-MDC; 2:24-cv-00849-RFB-DJA; 2:24-cv-01160-RFB-NJK.

prejudice, and gave Christian until June 27, 2024, to file a complaint and either file a new pauper-status application or pay the full filing fee.[3]  He did none of this.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[4]  A court may dismiss an action based on a party's failure to obey a court order.[5]  In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[6]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a document ordered by the court or prosecuting an action.[7]  The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal.[8]  Courts

---

[3] ECF No. 7.  Christian was warned that his "[f]ailure to timely comply with this order" could result in dismissal.  *Id*. at 3.

[4] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[5] *See Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order).

[6] *Thompson*, 782 F.2d at 831; *Malone*, 833 F.2d at 130.

[7] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[8] *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor);

"need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."[9]  Because this court cannot operate without collecting reasonable fees, and litigation cannot progress without a complaint on file and plaintiff's compliance with court orders, the only alternative is to enter a second order setting another deadline.  But issuing a second order will only delay the inevitable and further squander the court's finite resources.  Setting another deadline is not a meaningful alternative given these circumstances and Christian's historic gross usurpation of this court's resources.  So the fifth factor heavily favors dismissal here.

Having thoroughly weighed these dismissal factors, I find that they weigh in favor of dismissal.  IT IS THEREFORE ORDERED that **this action is DISMISSED** without prejudice for failure to file a complaint and either pay the filing fee or seek to proceed *in forma pauperis* in compliance with the court's order.  The Clerk of Court is directed to **ENTER JUDGMENT accordingly and CLOSE THIS CASE**.

_____
U.S. District Judge Jennifer A. Dorsey
July 22, 2024

---

*accord Pagtalunan v. Galaza*, 291 F.3d 639, 543 & n.4 (9th Cir. 2022) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element," i.e., like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*).

[9] *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).